THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

KENNETH JEFFREYS,                    )
an Individual,                       )
                                     )
            Plaintiff,               )
                                     )        CASE NO.: 4:22-cv-00141
vs.                                  )
                                     )
LUIHN REAL ESTATE INVESTMENTS LLC,   )
a North Carolina Limited Liability Company, )
                                     )
            Defendant.               )
_____/

## COMPLAINT

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested

with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental

jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendant's Property, which is the subject of this action, is located in Wake County, North

Carolina.

3.      Plaintiff, KENNETH JEFFREYS, (hereinafter referred to as "MR. JEFFREYS" or

"Plaintiff"), is a resident of Wake County, North Carolina.

4.      MR. JEFFREYS, is an individual with a qualified disability under the ADA.  In

1992, MR. JEFFREYS was hit by a drunk driver while working on his job.  As a result of that

accident, MR. JEFFREYS is a double leg amputee.

1

5.     Due to his disability, MR. JEFFREYS is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.     Upon information and belief, LUIHN REAL ESTATE INVESTMENTS LLC, a North Carolina Limited Liability Company, (hereinafter referred to as "Defendant") is registered to do business in North Carolina.  Upon information and belief, LUIHN REAL ESTATE INVESTMENTS LLC, is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: Taco Bell (hereinafter referred to as the "Property,") which is generally located at 2748 Capital Blvd, Raleigh, NC 27604.

7.     All events giving rise to this lawsuit occurred in the Eastern District of North Carolina, Wake County.

## COUNT I

## (VIOLATION OF TITLE III OF THE ADA)

8.     Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.     The Property, a fast-food restaurant, is open to the public and provides goods and services to the public.

10.     Plaintiff has visited the Property discussed herein multiple times and plans to visit again in the near future.

11.     However, during his visits, MR. JEFFREYS experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers discussed in this Complaint.  Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

2

12.    Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendant.  Additionally, MR. JEFFREYS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13.    Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

A.    Plaintiff personally encountered inaccessible parking designated for disabled use due to signage that is mounted too low. This condition made it difficult for Plaintiff to identify the designated disabled parking area.

B.    Plaintiff personally encountered inaccessible parking due to a ramp improperly protruding into the disabled use parking spaces and their designated access aisle.  This condition made it difficult for Plaintiff to transfer safely from his vehicle into his wheelchair.

C.    Plaintiff personally encountered inaccessible parking due to excessive long slopes in the disabled use parking spaces and their designated access aisle. This condition made it difficult for Plaintiff to safely transfer from his vehicle into his wheelchair and increased his risk of fall.

14.    Upon information and belief, there are other current violations of the ADA and the

3

ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

15.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facility to make them accessible to and useable by individuals with disabilities to the full extent required

4

by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

By: /s/ Walter E. Daniels
       KU & MUSSMAN, P.A.
       Attorney for Plaintiff
       Walter E. Daniels III, Esq.
       NC Bar No. 27219
       14 South Pack Square, Suite 502
       Asheville, North Carolina 28801
       Tel: (828) 258-7022
       Fax: (888) 277-2412
       danielslawfirm.p.c@gmail.com